**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JEFFREY ALAN KINDER,        )    NO. SA CV 16-1608-E
                      )
          Plaintiff,   )
                      )
    v.               )    **MEMORANDUM OPINION**
                      )
NANCY A. BERRYHILL, Acting  )    **AND ORDER OF REMAND**
Commissioner of Social Security, )
                      )
          Defendant.   )
_____)

    Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS
HEREBY ORDERED that Plaintiff's and Defendant's motions for summary
judgment are denied, and this matter is remanded for further
administrative action consistent with this Opinion.

**PROCEEDINGS**

    On August 31, 2016, Plaintiff filed a Complaint seeking review of
the Commissioner's denial of disability benefits. On January 17,
2017, Plaintiff filed a motion for summary judgment. On February 15,
2017, Defendant filed a "Memorandum in Support of Defendant's Answer,"

which the Court construes as Defendant's motion for summary judgment. On March 17, 2017, Plaintiff filed a reply. The parties consented to a Magistrate Judge on October 24, 2016. The Court has taken the motions for summary judgment under submission without oral argument. See L.R. 7-15; "Order," filed October 6, 2016.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff, a former sales supervisor and sales representative, alleges disability since January 12, 2012, based on, inter alia, Lyme disease, fibromyalgia, chronic fatigue syndrome, depression and anxiety (Administrative Record ("A.R.") 69, 175-89, 194-95, 207). Several of Plaintiff's treating physicians opined that Plaintiff's impairments have disabled him from performing any work (A.R. 412-14, 610, 642-43, 743-45, 839-42, 843-47, 848-51, 948-49, 952, 966-68). In particular, treating physicians Dr. Klinghardt and Dr. Schaffner of the Sophia Health Institute opined that the symptomatology from Plaintiff's Lyme disease is of disabling severity (A.R. 412-14, 839-42, 948-49).

The Administrative Law Judge ("ALJ") found Plaintiff suffers from severe Lyme disease, fibromyalgia, chronic fatigue syndrome, depression and anxiety (A.R. 31). The ALJ also found that these severe impairments prevent Plaintiff from performing Plaintiff's past relevant work (A.R. 31, 38). According to the ALJ, however, Plaintiff retains the residual functional capacity to perform other work (A.R. 32-39). In reaching this conclusion, the ALJ discounted the opinions of several of Plaintiff's treating physicians and relied instead on

1  the opinions of non-examining state agency physicians, to which the
2  ALJ expressly gave "significant weight" and "great weight" (A.R. 33-
3  37).

4

5      Plaintiff sought review from the Appeals Council, and submitted
6  additional evidence thereto (see A.R. 1-8).  The Appeals Council
7  "considered" some of this additional evidence, but denied review
8  (id.).  The Appeals Council "looked at" other of this additional
9  evidence, including a report from Dr. Kim Barrus, dated June 30, 2015
10 (A.R. 2).  The Appeals Council stated that Dr. Barrus' report was
11 "about a later time" than the time of the ALJ's March 9, 2015 decision
12 (id.).

13

14      In the present proceeding, on January 17, 2017, Plaintiff filed a
15 "Motion to Enter Report of Kim Barrus PhD into Administrative Record"
16 ("the Motion to Enter Report").  The Motion to Enter Report seeks an
17 order that the June 30, 2015 Report of Dr. Barrus (attached thereto)
18 be entered into the Administrative Record.  Defendant failed to file a
19 response to the Motion to Enter Report, despite a Court order that
20 Defendant do so.  See Minute Order filed January 18, 2017.

21

22      The June 30, 2015 report of Dr. Barrus interprets and critiques a
23 2013 report by Dr. David Franklin and also interprets results from
24 neuropsychological testing that took place in 2013.  See A.R. 581-87.
25 Thus, the substance of Dr. Barrus' report concerns a time frame
26 before, not after, the ALJ's March 9, 2015 decision.  The Motion to
27 Enter Report is granted.  See L.R. 7-12 ("The failure to file any
28 required document, or the failure to file it within the deadline, may

1  be deemed consent to the granting or denial of the motion").  The
2  Court's granting of the Motion to Enter Report is academic, however,
3  because the Court's ruling on the motions for summary judgment would
4  remain the same regardless of whether Dr. Barrus' report is or is not
5  a part of the Administrative Record under review.[1]

6

7                       **STANDARD OF REVIEW**

8

9       Under 42 U.S.C. section 405(g), this Court reviews the
10  Administration's decision to determine if: (1) the Administration's
11  findings are supported by substantial evidence; and (2) the
12  Administration used correct legal standards.  See Carmickle v.
13  Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,
14  499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner
15  of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012).
16  Substantial evidence is "such relevant evidence as a reasonable mind
17  might accept as adequate to support a conclusion."  Richardson v.
18  Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted);
19  see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

20

21       If the evidence can support either outcome, the court may
22       not substitute its judgment for that of the ALJ.  But the
23       Commissioner's decision cannot be affirmed simply by
24       isolating a specific quantum of supporting evidence.
25       Rather, a court must consider the record as a whole,
26       weighing both evidence that supports and evidence that

27 ────────────────

28       [1]    Plaintiff's "Motion for Default, etc.," filed March 23,
2017, is denied as moot.

4

1    detracts from the [administrative] conclusion.

2

3    Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and

4    quotations omitted).

5

6        Where, as here, the Appeals Council considered additional

7    evidence but denied review, the additional evidence becomes part of

8    the record for purposes of the Court's analysis.  See Brewes v.

9    Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers

10   new evidence in deciding whether to review a decision of the ALJ, that

11   evidence becomes part of the administrative record, which the district

12   court must consider when reviewing the Commissioner's final decision

13   for substantial evidence"; expressly adopting Ramirez v. Shalala, 8

14   F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d

15   1228, 1231 (2011) (courts may consider evidence presented for the

16   first time to the Appeals Council "to determine whether, in light of

17   the record as a whole, the ALJ's decision was supported by substantial

18   evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953,

19   957 n.7 (9th Cir. 1993) ("the Appeals Council considered this

20   information and it became part of the record we are required to review

21   as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

22

23                          **DISCUSSION**

24

25       Plaintiff argues, inter alia, that the ALJ erred by relying on

26   the opinions of the state agency physicians.  Specifically, Plaintiff

27   argues that the record concerning the opinions of the state agency

28   physicians fails to "demonstrate any meaningful consideration of

evidence of Lyme disease" (Plaintiff's Motion at 9).  Defendant does
not respond directly to this argument, other than to assert vaguely
that the state agency physicians' opinions were "[b]ased on a review
of the overall record" (Defendant's Motion at 6, 8).

    The present record leaves in considerable doubt the extent to
which, if at all, the state agency physicians reviewed and considered
medical records regarding Plaintiff's Lyme disease.  The "Impairment
Diagnosis" sections of the state agency physicians' reports fail to
mention Lyme disease (A.R. 82, 98).  The sections of the state agency
physicians' reports that list the "evidence received" do not list the
receipt of any evidence from the Sophia Health Institute (A.R. 76-79,
91-96).  To the contrary, the state agency physicians' reports
indicate that evidence from the Sophia Health Institute was requested,
but apparently not received (A.R. 79-80, 96-97).

    When a state agency physician has not reviewed a "substantial
portion of the relevant medical evidence," it is error to give "great
weight" to the opinion of the state agency physician.  See, e.g.
Herron v. Astrue, 407 Fed. App'x 139, 141 (9th Cir. 2010); see also 20
C.F.R. § 404.1527(c)(6) (in deciding the weight to give to a medical
opinion, the ALJ will consider the extent to which the person
rendering the opinion was familiar with the other information in the
record).

    Given the uncertainty in the present record regarding the extent
to which the state agency physicians reviewed and considered the
record evidence of Lyme disease, the ALJ erred by giving "significant

1  weight" and "great weight" to the opinions of the state agency

2  physicians.  <u>See</u> <u>id.</u>  In particular, the ALJ should not have relied on

3  the state agency physicians' opinions to discount the treating

4  physicians' opinions that Plaintiff suffers from disabling Lyme

5  disease symptomatology.

6

7       Buttressing this conclusion is the law's requirement that the

8  opinion of a treating or examining physician generally receive more

9  weight than the opinion of a non-examining physician (such as the

10  state agency physicians in the present case).  <u>See</u> <u>Andrews v. Shalala</u>,

11  53 F.3d 1035, 1040-41 (9th Cir. 1995).  "The opinion of a nonexamining

12  physician cannot by itself constitute substantial evidence that

13  justifies the rejection of the opinion of either an examining

14  physician <u>or</u> a treating physician."  <u>Lester v. Chater</u>, 81 F.3d 821,

15  831 (9th Cir. 1995) (emphasis in original); <u>see also</u> <u>Orn v. Astrue</u>,

16  495 F.3d 625, 632 (9th Cir. 2007) ("When [a nontreating] physician

17  relies on the same clinical findings as a treating physician, but

18  differs only in his or her conclusions, the conclusions of the

19  [nontreating] physician are not 'substantial evidence.'"); <u>Pitzer v.</u>

20  <u>Sullivan</u>, 908 F.2d 502, 506 n.4 (9th Cir. 1990) ("The nonexamining

21  physicians' conclusion, with nothing more, does not constitute

22  substantial evidence, particularly in view of the conflicting

23  observations, opinions, and conclusions of an examining physician").

24

25       Moreover, a treating physician's conclusions "must be given

26  substantial weight."  <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir.

27  1988); <u>see</u> <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 762 (9th Cir. 1989) ("the

28  ALJ must give sufficient weight to the subjective aspects of a

doctor's opinion. . . .   This is especially true when the opinion is that of a treating physician") (citation omitted); <u>see also</u> <u>Orn v. Astrue</u>, 495 F.3d at 631-33 (discussing deference owed to treating physicians' opinions).   Even where the treating physician's opinions are contradicted,[2] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."   <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); <u>see</u> <u>Rodriguez v. Bowen</u>, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).[3]

---

[2]      Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996); <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1454 (9th Cir. 1984).

[3]      The Court need not and does not determine whether the ALJ stated legally sufficient reasons to discount the opinions of treating physicians Beheshti, Bhakta, Klinghardt, Leeherley and Schaffner.   However, on remand, the ALJ should define more clearly and more specifically the reasons why the ALJ discounts the opinions of each of these treating physicians (if discounting occurs again on remand); <u>see</u> <u>Kinzer v. Colvin</u>, 567 Fed. App'x 529, 530 (9th Cir. 2014) (ALJ's statements that treating physicians' opinions "contrasted sharply with the other evidence of record" and were "not well supported by the . . . other objective findings in the case record" held insufficient); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting treating physician's opinions do not suffice); <u>Embrey v. Bowen</u>, 849 F.2d at 421 ("To say that the medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required. . . ."); <u>compare</u> <u>Wilson v. Colvin</u>, 583 Fed. App'x 649, 651 (9th Cir. 2014)

(continued...)

The Court is unable to deem the errors in the present case to have been harmless.  See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate non-disability determination") (citations and quotations omitted); McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error").

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors.  McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2016) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the

---

³(...continued)
(upholding rejection of treating physician's opinion where the ALJ determined that the opinion was not corroborated by any other medical opinion, was inconsistent with the rest of the record, and relied heavily on the claimant's own subjective statements which the ALJ found incredible).  To the extent the opinions of other medical sources contradicted the opinions of the treating physicians, such contradiction triggers rather than satisfies the requirement of stating "specific, legitimate reasons."  See, e.g., Valentine v. Commissioner, 574 F.3d 685, 692 (9th Cir. 2007); Orn v. Astrue, 495 F.3d at 631-33.

proper remedy "in all but the rarest cases"); Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (court will credit-as-true medical opinion evidence only where, inter alia, "the record has been fully developed and further administrative proceedings would serve no useful purpose"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record"). There remain significant unanswered questions in the present record. Cf. Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (remanding for further proceedings to allow the ALJ to "comment on" the treating physician's opinion). Moreover, it is not clear that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability even if the treating physicians' opinions were fully credited. See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010).

///
///
///
///
///
///
///
///
///
///
///
///
///

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 23, 2017.

/s/
_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4]     The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.